**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ORTEN BAXTER**,

Plaintiff,

v. Case No. 8:25-cv-01722-WFJ-AEP

**DOUBLE D TRANSPORT, LLC,**
**a Foreign Limited Liability Corporation,**
**MUHIDIN DZANIC (a/k/a DZANIC MUHIDIN),**
**and NIHAD SIVIC**,

Defendants.
___________________________________/

## ORDER

Before the Court is Defendants Double D Transport, LLC ("Double D"), Muhidin Dzanic (a/k/a Dzanic Muhidin), and Nihad Sivic's (jointly, "Defendants") Motion for Final Summary Judgment. Dkt. 42. Defendants' Motion is deemed unopposed, as Plaintiff Orten Baxter has failed to respond in opposition and the time to do so has passed. *See* Local Rule 3.01(c). Upon careful consideration, the Court grants Defendants' Motion.

## BACKGROUND

This dispute arises from a vehicle collision in Hernando County, Florida. *See generally* Dkt. 1-4. Double D is an Iowa Limited Liability Company, whose registered agent is listed as Damir Dzanic. Dkt. 1-5. At the time of the collision,

Defendant Sivic was employed as a tractor trailer driver for Defendant Double D. Dkt. 42 at 2.

On January 12, 2025, Plaintiff was driving a 2014 Ford Focus and Defendant Sivic was driving a 2015 Volvo tractor trailer. *Id.* at 2. Plaintiff was traveling eastbound in the left-turn lane of State Road 50 approaching the intersection of State Road 50 and US Highway 301. Dkt. 42-3 at 3. At the same time, Defendant Sivic was traveling westbound on State Road 50 in the right travel lane, also approaching this intersection. *Id.*

Witness Janice Larramore—who was ahead of Plaintiff in the left-turn lane—performed a U-turn from the eastbound left-turn lane of State Road 50 onto the westbound lanes of State Road 50 beginning at 01:46:20 P.M. Ex. C at 00:00.[1] Following this, Plaintiff initiated a left turn onto US Highway 301 northbound, turning across the intersection beginning at 01:46:29 P.M. *Id.* at 00:09. Defendant Sivic, traveling westbound, entered the intersection at 01:46:31 P.M., *id.* at 00:11, and collided with Plaintiff's vehicle at 01:46:32 P.M. *Id.* at 00:12.

Defendants' expert—Rachel Keller of Focus Forensics—provided the following description of the function of the traffic signals at the intersection of State Road 50 and Highway 301, which is incompatible with any assertion that the traffic

[1] The docket reflects at Dkt. 43 that Defendants filed a USB including the videos referenced in the present Motion as Ex. B ("Circle K Surveillance Video") and Ex. C ("Southern Harmony Surveillance Video"). When referencing relevant timestamps, the Court utilizes the time shown in Ex. C.

signal changed to red and then back to a green turn arrow in the brief period between the vehicle ahead of Plaintiff taking a left turn and Plaintiff initiating his turn:

> The intersection was controlled by traffic signals. The eastbound left turn lane had a linear 4 head signal which consisted of a red arrow, yellow flashing arrow, yellow solid arrow, and solid green arrow. The westbound through lanes had a linear 3 head signal which consisted of a solid red ball, solid yellow ball, and a solid green ball. Eastbound left-turn movements were provided a minimum green of 7 seconds, a yellow clearance interval of 4.8 seconds, and a red clearance interval of 2.5 seconds. Westbound through movements were provided a minimum green of 15 seconds, a yellow clearance interval of 4.8 seconds, and a red clearance interval of 2.0 seconds. During the interval in which westbound through traffic was provided a solid green indication, the eastbound left-turn movement was controlled by a flashing yellow arrow.

Dkt. 42-3 at 8. This expert ultimately found that "[a]t the time of the collision the eastbound left-turn lane had a flashing yellow [turn] arrow and the westbound travel lanes had a solid green ball." *Id.* at 4. This conclusion is confirmed by the surveillance video evidence, which demonstrates multiple vehicles continuing through the intersection in the westbound travel lanes immediately following the collision, consistent with the westbound traffic signal displaying a solid green light at the time of the collision. Ex. C at 00:15–55.

The investigating officer, Florida Highway Patrol Corporal Robert Schwarz, likewise found that Defendant Sivic had a solid green light and that Plaintiff turned left "right in front of that truck into its direct path of travel[.]" Dkt. 42-9 at 10:11–15. Further, multiple witnesses testified to these circumstances. Witness Janice

Larramore testified that the eastbound traffic signal displayed a flashing yellow turn arrow as she completed a U-turn with Plaintiff's vehicle directly behind her. Dkt. 42-8 at 8:3–20, 12:13–22. Witness Albert Wooten testified that—while at the front entrance of the adjacent Circle K gas station—he observed that the westbound traffic signal displayed a solid green light as Defendant Sivic proceeded through the intersection. Dkt. 42-6 at 11:10–18. Witness Steve Cliffel testified that it was his impression that Plaintiff turned in front of the tractor trailer and that "there was nothing [Defendant Sivic] could do." Dkt. 42-7 at 12:2–4.

On January 20, 2025, Plaintiff brought the instant action against Defendants in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida. Dkt. 1-9 at 3–5. Plaintiff then moved to transfer this action to Hernando County, Dkt. 1-2, and twice amended his Complaint. Dkts. 1-1, 1-4. The operative Second Amended Complaint raises a single count of negligence against Defendants. Dkt. 1-4 ¶¶ 23–32.

On July 3, 2025, the action was removed to the United States District Court for the Middle District of Florida. Dkt. 1. Plaintiff's attorney withdrew on May 18, 2026, Dkt. 31, and the Court gave Plaintiff notice that "he will be proceeding in this matter *pro se* and is expected to adhere to any deadlines[.]" Dkt. 32 at 1. Defendants filed the present Motion on August 3, 2026, Dkt. 42, and the Court cautioned Plaintiff it would "take up the pending motion for summary judgment on September

3, 2026. Any objection (if objection there be) must be on file before then, following the federal rules and directly addressing the precise grounds set forth in the motion." Dkt. 44. However, Plaintiff failed to object or otherwise respond in opposition.

## LEGAL STANDARD

Summary judgment is appropriate when there is "no genuine issue as to any material fact [such] that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see* Fed. R. Civ. P. 56(a). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case. An issue is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014) (quoting *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004)).

The moving party has the burden of proving the absence of a genuine issue of material fact, and all factual inferences are drawn in favor of the non-moving party. *See Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997); *Pennington v. City of Huntsville*, 261 F.3d 1262, 1265 (11th Cir. 2001). Even if a motion for summary judgment is unopposed, the movant must nevertheless show that it is entitled to judgment on the merits, based on evidentiary materials in the record. *See Dunlap v. Transam. Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988).

## DISCUSSION

Defendants seek summary judgment as to Plaintiff's claim of negligence. Dkt. 42. Plaintiff's claim asserts that Defendants Double D and Dzanic "breached their duties . . . by failing to maintain the Tractor as required by law," Defendant Sivic "failed to use the brakes, or take any evasive action because of consequences of hard braking[,]" and "[a]s a result of said negligence, the Plaintiff suffered bodily injuries[.]" Dkt. 1-4 ¶¶ 26, 29, 31. This claim requires the following be established: "(1) a duty, or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks; (2) a failure on the defendant's part to conform to the standard required, i.e., a breach of the duty; (3) a reasonably close causal connection between the conduct and the resulting injury (proximate cause and cause in fact); and (4) actual loss or damage." *Lincoln v. Fla. Gas Transmission Co. LLC*, 608 F. App'x 721, 722–23 (11th Cir. 2015) (citing *Clay Elec. Co-op., Inc. v. Johnson*, 873 So.2d 1182, 1185 (Fla. 2003)).

Defendants argue that they are entitled to summary judgment because their alleged negligence did not proximately cause Plaintiff's injuries as a matter of law. Dkt. 42 at 11. Specifically, it is asserted that Plaintiff's "negligence in illegally failing to yield to oncoming traffic while making a left hand turn on a flashing yellow [turn] arrow just as a tractor trailer was approaching the intersection on a solid green

light" served as the sole proximate cause for Plaintiff's alleged injuries. *Id.* "[W]hile proximate cause is an issue of fact normally reserved for the jury, Florida law does permit a court to decide questions of proximate case as a matter of law when the evidence is undisputed." *Swintelski v. Am. Med. Sys., Inc.*, 521 F. Supp. 3d 1215, 1220 (S.D. Fla. 2021) (citation omitted); *see McCain v. Fla. Power Corp.*, 593 So. 2d 500, 504 (Fla. 1992) ("The judge is free to take this matter [of proximate cause] from the fact-finder only where the facts are unequivocal, such as where the evidence supports no more than a single reasonable inference." (citation omitted)).

Here, Plaintiff cites no evidence to contradict the summary judgment motion. The Court is not required to "ferret out delectable facts" buried in the record to cover for Plaintiff's defalcation. *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011); *see United States v. 5800 S.W. 74th Ave.*, 363 F.3d 1099, 1101–02 (11th Cir. 2004) ("The district court need not *sua sponte* review all of the evidentiary materials on file at the time the [unopposed] motion is granted, but must ensure that the motion itself is supported by evidentiary materials." (citation omitted)); Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."). Considering all the evidence cited in Defendants' Motion in the light most favorable to Plaintiff, the Court finds it undisputed that at the time of the collision, the eastbound left-turn lane had a flashing yellow turn arrow, while the westbound travel lanes had a solid green light. Plaintiff

nevertheless initiated a left turn across the westbound lanes directly into the path of Defendant Sivic's tractor trailer. Accordingly, the Court finds that no reasonable jury could conclude from this summary judgment record that Plaintiff entered the intersection pursuant to a green turn arrow or that Defendant Sivic failed to yield to Plaintiff.

On these undisputed and uncontested facts, it is clear that Plaintiff's conduct was the sole proximate cause of the collision. *See Pope v. Cruise Boat Co., Inc.*, 380 So.2d 1151, 1153 (Fla. 3d DCA 1980) (affirming a grant of summary judgment upon the determination that the defendant's act of parking on the side of the street was not a proximate cause of the plaintiff's injury, after plaintiff walked into the street and was struck by an oncoming traffic). Defendants are therefore entitled to summary judgment on Plaintiff's claim of negligence. As noted above, Plaintiff's failure to respond to the present Motion deems it unopposed under Local Rule 3.01(c). The Court is not required to scour the record to find evidence that might help Plaintiff's case.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendants Double D Transport, LLC, Muhidin Dzanic (a/k/a Dzanic Muhidin), and Nihad Sivic's Motion for Final Summary Judgment, Dkt. 42, is **GRANTED**.

2. The Clerk is directed to enter final summary judgment for Defendants Double D Transport, LLC, Muhidin Dzanic (a/k/a Dzanic Muhidin), and Nihad Sivic and against Plaintiff Orten Baxter.

3. The Clerk is directed to close this case and terminate all pending deadlines and matters therein.

**DONE AND ORDERED** at Tampa, Florida, on September 14, 2026.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record